UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

EMILY TOBIN                                      CIVIL ACTION

v.                                               NO. 15-1731

LABORATORY CORPORATION OF AMERICA                SECTION "F"

ORDER AND REASONS

    Before the Court is the plaintiff's motion to remand.  For the reasons that follow, the motion is DENIED.

Background

    This case arises from the medical care that the plaintiff received at St. Thomas Community Health Center in fall 2014.  Ms. Tobin had blood drawn by a phlebotomist who is unidentified in her medical records.  In trying to draw blood, the phlebotomist hit a nerve in Tobin's arm.  Tobin reported the injury to a receptionist at the Health Center and sought follow-up care at the Health Center and at the Touro Infirmary Emergency Department.  Tobin contends that her nerve pain was severe when she was injured, and it continues to this date, interfering significantly with her work as a massage therapist.

    Tobin filed suit in Civil District Court for the Parish of Orleans in April of this year against Laboratory Corporation of America, the "Jane Doe" phlebotomist who presumably worked for LabCorp, and St. Thomas Community Health Center.  In its notice of removal, LabCorp contends that St. Thomas is improperly joined because its status as a Federally Qualified Health Center requires

1

that the plaintiff exhaust her administrative remedies by filing an administrative claim under the Federal Tort Claims Act before bringing suit here.  The plaintiff does not address this issue in her motion to remand, leaving only LabCorp and Jane Doe as defendants. The plaintiff moves for remand contending that: (1) LabCorp has not identified the defendant "Jane Doe" in response to plaintiff's requests, because she is a local LabCorp employee who would destroy diversity; and (2) LabCorp cannot prove by a preponderance of the evidence that plaintiff's claims exceed $75,000.

I.

Although the plaintiff challenges removal in this case, the removing defendant carries the burden of showing the propriety of this Court's removal jurisdiction.  See Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir.), cert. denied, 510 U.S. 868 (1993); Willy v. Coastal Corp., 855 F.2d 1160, 1164 (5th Cir. 1988). "Because removal raises significant federalism concerns, the removal statute is strictly construed."  Gutierrez v. Flores, 543 F.3d 248, 251 (5th Cir. 2008).  Further, "any doubt as to the propriety of removal should be resolved in favor of remand."  Id.

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the case—that is, if the plaintiff could have brought the action in federal court from the outset.  See 28 U.S.C. § 1441(a). To exercise diversity jurisdiction, complete diversity must exist between the plaintiffs and all of the properly joined defendants, and the amount

2

in controversy must exceed $75,000.  See 28 U.S.C. § 1332.  The plaintiff contends that neither requirement has been met here.

### A.

The plaintiff contends that the citizenship of the unidentified phlebotomist, currently a "Jane Doe" defendant but whom she later hopes to join as a named defendant, will likely defeat diversity. The removal statutes states, "In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."  28 U.S.C. § 1441(b)(1).  Section 1447(e) allows joinder or remand to state court if, after removal, "the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction."  28 U.S.C. § 1447(e). But for now, the Jane Doe defendant remains a Jane Doe, and the plaintiff has not attempted to join her as a named defendant.  Thus, her citizenship cannot be considered.  Any dispute as to her identity should be resolved in a motion to compel discovery, not in a motion to remand.

### B.

To determine whether it has jurisdiction, the Court must consider the allegations in the state court petition as they existed at the time of removal.  See Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720 (5th Cir. 2002); see also Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 264 (5th Cir. 1995).  Louisiana law

requires that a plaintiff include "no specific amount of damages" in her prayer for relief. LA. CODE CIV. PROC. art. 893.[1] When the plaintiff has, therefore, alleged an indeterminate amount of damages, the removing party must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. Simon v. Wal-Mart Stores, 193 F.3d 848, 850 (5th Cir. 1999); see also De Aguilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995).  This showing may be made by either (1) showing that it is facially apparent that the plaintiff's claims likely exceed $75,000 or (2) setting forth "summary judgment type evidence" of facts in controversy that support a finding of the jurisdictional amount. Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002); Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir. 1999).  "[I]f it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction." Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 883 (5th Cir. 2000).  If the removing defendant cannot show that the amount in controversy is facially apparent, it may be able to prove "by setting forth the facts in controversy–preferably in the removal petition, but sometimes by affidavit-that support a finding of the requisite amount." Luckett, 171 F.3d at 298.  If the petition is

---

[1] "[I]f a specific amount of damages is necessary to establish . . . the lack of jurisdiction of federal courts due to insufficiency of damages . . . a general allegation that the claim exceeds or is less than the requisite amount is required." LA. CODE CIV. PROC. art. 893.

ambiguous as to whether the alleged damages surpass the jurisdictional amount in controversy, the Court may consider a post-removal affidavit that clarifies the original complaint. <u>Asociación Nacional de Pescadores a Pequeña Escala o Artesanales de Colombia (ANPAC) v. Dow Química de Colombia</u>, 988 F.2d 559, 565 (5th Cir. 1993), *abrogated on other grounds by* <u>Marathon Oil Co. v. Ruhgras</u>, 145 F.3d 211, 214 (5th Cir. 1998), *rev'd on other grounds,* 526 U.S. 574 (1999).

If the removing party satisfies its burden, the plaintiff can only defeat removal by showing that it is "legally certain that his recovery will not exceed the amount stated in the state complaint." <u>De Aguilar v. Boeing Co.</u>, 47 F.3d 1404, 1412 (5th Cir. 1995); <u>see</u> <u>St. Paul Mercury Indem. Co. v. Red Cab Co.</u>, 303 U.S. 283, 289 (1938) ("It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal."). Absent a statute that restricts recovery, "[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints; once a defendant has removed the case, <u>St. Paul</u> makes later filings irrelevant." <u>De Aguilar</u>, 47 F.3d at 1412 (quoting <u>In re Shell Oil Co.</u>, 970 F.2d 355, 356 (7th Cir. 1992) (per curiam)).

Here, the defendant has proven by a preponderance of the evidence that the amount in controversy exceeds $75,000. The plaintiff has claimed extensive injuries and damages and has not stipulated to seeking less than $75,000. In the state-court petition, she alleges that she:

> sustained severe, painful, and permanently debilitating
> damages . . . includ[ing] but . . . not limited to: loss of
> physical capacity; past and future pain and suffering; keen
> mental anguish; emotional distress; embarrassment and
> humiliation; loss of the enjoyment of life, including the
> inability to live independently; past medical expenses;
> future medical expenses; past and future loss of wages;
> loss of earning capacity; loss of the chance to a better
> medical outcome; and any and all other damages as are
> reasonable in the premises.[2]

These allegedly extensive damages, if proven, would likely exceed $75,000. See, e.g., Richey v. Wal-Mart Stores, Inc., 390 F. App'x 375, 379 (5th Cir. 2010) (per curiam) (finding the jurisdictional threshold satisfied where the plaintiff alleged damages for lost wages and benefits, loss of future earnings and benefits in the past, mental anguish in the past and future, prejudgment interest, court costs, and exemplary damages); Gebbia, 233 F.3d at 883 (affirming the district court's decision to disregard the plaintiff's post-removal affidavit and stipulation for damages less than $75,000 because allegations of damages for medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement supported a substantial monetary basis to confer removal jurisdiction); cf. Simon, 193 F.3d at 850-51 (finding no removal jurisdiction where the complaint alleged only less severe physical injuries, unidentified medical expenses for one plaintiff, and loss of consortium for another). Thus, the defendant has carried its burden.

---

[2] All of which would disadvantage her as a massage therapist.

In the motion to remand, however, the plaintiff submits that her damages are as yet uncertain and that they may not exceed $75,000. This fails to equate with a legal certainty that her damages will not exceed the jurisdictional threshold.[3]

Accordingly, for the foregoing reasons, IT IS ORDERED that the motion to remand is DENIED.

New Orleans, Louisiana, July 22, 2015

MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[3] Quite obviously, if plaintiff agrees that her damages do not exceed $75,000, she will be inclined to settle her case for the jurisdictional amount . . . or less, if settlement or mediation is sought.